UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KIMBERLY M. ROBINSON, | ) | CASE NO. 5:25-cv-1518 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | CHIEF JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| PALISADES ACQUISITION XVI LLC, et al., | ) | |
| | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Before the Court is the motion of *pro se* plaintiff Kimberly M. Robinson ("Robinson") to strike the affirmative defenses asserted by defendant Palisades Acquisition XVI LLC ("Palisades"). (Doc. No. 12 (Motion).) Palisades opposes the motion (Doc. No. 13 (Response).) For the reasons that follow, the motion is denied in its entirety.

I.  BACKGROUND

On July 22, 2025, plaintiff filed this action in federal court against Palisades, John Doe "Law Firm and Attorneys," and "unknown state actors[,]" for alleged violations of "federal and constitutional rights stemming from a debt collection and wage garnishment effort initiated without proper legal service, in violation of federal law and Ohio law." (Doc. No. 1 (Complaint), at 1 ¶ 1 (All page number references are to the consecutive page numbers applied to each individual document by the Court's electronic filing system).) According to the Complaint, a default judgment was entered against Robinson in state court in 2004, but she was never properly served with the judgment and had no knowledge of it until 2024, when her wages were garnished to satisfy

it. (*Id*. ¶¶ 10–11.) She alleges that Palisades and its agents "failed to verify the debt, failed to prove [her] identity, and used a stale, invalid judgment to garnish [her] wages." (*Id*. ¶ 15.) She maintains that the garnishment violated the Fair Debt Collection Practices Act ("FDCPA") and her due process rights. (*Id*. ¶ 2.) Robinson brings claims against Palisades and/or the John Doe defendants for violations of the FDCPA (Count I), violations of due process (Count II), state law unjust enrichment and conversion (Count III), and state law negligence (Count IV). (*Id*. ¶¶ 16–22.)

On November 18, 2025, Palisades filed an answer (Doc. No. 6), which included the following affirmative defenses:

1. Plaintiff's claims fail to the extent the Complaint fails to set forth facts sufficient to state a claim upon which relief may be granted against Palisades and fails to state facts sufficient to entitle Plaintiff to the relief sought.

2. Plaintiff lacks standing because, among other reasons, Plaintiff has not suffered an invasion of a legally protected interest or injury that is concrete and particularized, and actual or imminent, as opposed to conjectural or hypothetical.

3. Palisades denies any injury or damage allegedly sustained by Plaintiff resulted from any action or inaction of Palisades.

4. To the extent that any of Plaintiff's claims are based on conduct occurring beyond the statute of limitations, and/or violate the doctrine of laches, such claims are time-barred.

5. Plaintiff's claim[s] are, or may be, barred and/or diminished by Palisades' right to setoff and/or recoupment, arising from defaults, deficiencies, or otherwise.

6. Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff failed to mitigate her damages, if any.

7. Plaintiff's claims fail to the extent that Plaintiff's purported damages, if any, were the direct and proximate result of the action or inaction of Plaintiff or others over whom Palisades has no control and for whom Palisades has no responsibility.

8. Palisades complied with all applicable statutes regarding the collection of the

underlying debt.

9. Pursuant to 15 U.S.C. § 1692, et seq., to the extent that a FDCPA violation is established, any such violation was not intentional and resulted from a bona fide error notwithstanding maintenance of procedures reasonable [sic] adapted to avoid any such error.

10. Plaintiff failed to join one or more necessary and/or indispensable parties within the meaning of Rule 19 of the Federal Rules of Civil Procedure.

(*Id*. at 5–6.) In her motion, Robinson asks the Court to strike each of the affirmative defenses asserted by Palisades.

## II.    STANDARD OF REVIEW

Under Rule 12(f) of the Federal Rules of Civil Procedure, a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). As the language of the rule makes clear, the decision to strike is discretionary. *See Chiancone v. City of Akron*, No. 5:11-cv-337, 2011 WL 4436587, at *2 (N.D. Ohio Sept. 23, 2011) ("Motions to strike under Rule 12(f) are addressed to the sound discretion of the trial court[.]") But motions to strike are "viewed with disfavor and are not frequently granted." *Operating Engineers Local 324 Health Care Plan v. G & W Constr. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015) (citation omitted). The Sixth Circuit has cautioned that "the action of striking a pleading should be sparingly used by the courts . . . . It is a drastic remedy to be resorted to . . . only when the pleading to be stricken has no possible relation to the controversy." *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953) (finding that the district court erred in striking affirmative defenses because it had not been shown that they had no relation to the controversy (internal citations omitted)).

Under this standard, "a motion to strike will not be granted if the insufficiency of the

defense is not clearly apparent, or if it raises factual issues that should be determined on a hearing on the merits." *United States v. Pretty Prods., Inc.*, 780 F. Supp. 1488, 1498 (S.D. Ohio 1991). Likewise, an affirmative defense pleaded in general terms will not be held insufficient "'as long as it gives plaintiff fair notice of the nature of the defense.'" *Lawrence v. Chabot*, 182 F. App'x 442, 456 (6th Cir. 2006) (quoting 5 C. Wright & A. Miller, Federal Practice & Procedure § 1274)); *see also Pretty Prods., Inc.*, 780 F. Supp. at 1498 (a court should strike a defense only where it raises no factual issues and is "so legally insufficient that it is beyond cavil that defendants could not prevail on [it]" (citation omitted)). A defense is insufficient, however, "if, as a matter of law, the defense cannot succeed under any circumstances. *Chiancone*, 2011 WL 4436587, at *2 (citing *Brown & Williamson Tobacco Corp.*, 201 F.2d at 822).

### III. DISCUSSION

Robinson argues that affirmative defenses 1, 5, 7, and 10 are deficient because they do not contain supporting facts. Specifically, Robinson complains that affirmative defense 1 (failure to state a claim) "provides no factual basis and ignores Plaintiff's detailed" claims. (Doc. No. 12, at 2.) Affirmative defense 5 (setoff and/or recoupment), she claims, fails because Palisades "identifies no counter-obligation owed by Plaintiff. This defense is unsupported." (*Id.*) Likewise, she suggests that affirmative defense 7 (proximate cause and third-party liability) and affirmative defense 10 (failure to join necessary parties) must be struck because Palisades fails to identify any third-party who could be liable and/or should have been joined. (*Id.*)

With respect to affirmative defense 1, the Court notes that Fed. R. Civ. P. 12(h)(2)(A) specifically allows a party to raise "failure to state a claim" in "any pleading allowed or ordered under Rule 7(a)," which includes the answer. *Sony/ATV Music Pub. LLC v. D.J. Miller Music*

4

*Distrib., Inc.*, No. 3:09-cv-1098, 2011 WL 4729807, at *5 (M.D. Tenn. Oct. 7, 2011) (holding that even briefly stated, a failure to state a cause of action affirmative defense is sufficiently raised). It is, therefore, appropriately raised here. Additionally, the Court has reviewed each of these affirmative defenses and finds that they contain plain statements that provide Robinson with "fair notice" of the asserted affirmative defense. The factual bases and support Robinson is seeking "can and should be addressed during the discovery process, not through a motion to strike." *Estate of Wyatt v. WAMU/JP Morgan Chase Bank*, No. 09-cv-14919, 2010 WL 2884638, at *3 (E.D. Mich. May 25, 2010) (rejecting similar requests for additional factual support (citing *Davis v. Sun Oil Co.*, 148 F.3d 606, 612 (6th Cir. 1998) (finding sufficient an affirmative defense which simply stated "Plaintiff's claims are barred by the doctrine of res judicata"))); *see, e.g., Lindenbaum v. Energy Servs. Providers, Inc.*, No. 1:21-cv-764, 2021 WL 3036505, at *4 (N.D. Ohio July 19, 2021) (holding the "Court concludes that each of these affirmative defenses involves factual determinations best considered on summary judgment, after completion of fact discovery"). Robinson desires a level of particularity that is simply not required in a responsive pleading. *See Wyatt*, 2010 WL 2884638, at *3. Further, she has failed to demonstrate how these affirmative defenses have "no possible relation to the controversy." *See Brown & Williamson Tobacco Corp.*, 201 F.2d at 822 (citations omitted).[1] The Court, therefore, declines to strike these affirmative defenses.

Robinson also challenges affirmative defense 2, which asserts that she lacks standing to

---

[1] Indeed, with respect to affirmative defenses 5, 7, and 10, the Court observes that Robinson's own complaint references other yet-to-be-identified individuals who have allegedly caused her harm. (*See, e.g.*, Doc. No. 1 ¶¶ 8–9.) There is nothing inappropriate at this stage of the proceedings for Palisades to allege that these other actors are responsible for any damages sustained by Robinson.

bring her claims. (Doc. No. 12, at 1; *see* Doc. No. 6, at 5 ¶ 2.)[2] "[S]tanding is not an affirmative defense that must be raised at risk of forfeiture." *Schultz v. United States*, 529 F.3d 343, 349 n.4 (6th Cir. 2008) (quoting *Cmty. First Bank v. Nat'l Credit Union Admin.*, 41 F.3d 1050, 1053 (6th Cir. 1994)); *see Johnson v. City of Saginaw*, No. 17-cv-13174, 2018 WL 6168036, at *3 (E.D. Mich. Aug. 30, 2019) (similar) (citations omitted). "Instead, it is a qualifying hurdle that plaintiff[] must satisfy even if raised *sua sponte* by the court." *Edison Brewing Co. LLC v. Gourmet Fresh LLC*, 2:21-cv-876, 2022 WL 899695, at *4 (S.D. Ohio Mar. 28, 2022) (citing *Cmty. First Bank*, 41 F.3d at 1053)). Nevertheless, the Court fails to see how Robinson is harmed by this pleading and is now clearly on notice that she must be prepared to defend her standing in this action. *See, e.g., GS Holistic, LLC v. Eastown Smoke Shop, LLC*, 3:23-cv-292, 2024 WL 19988, at *2 (S.D. Ohio Jan. 2, 2024) (refusing to strike lack of standing affirmative defense for want of harm to plaintiff). Accordingly, the Court will refrain from striking affirmative defense 2.

Robinson also argues that several affirmative defenses—3, 4, and 8—will not ultimately prevail because they are inconsistent with the claims she has made in her complaint. (Doc. No. 12, at 2.)[3] In essence, Robinson is requesting that the Court resolve the merits of her claims in her motion to strike. This is inappropriate. *See Estate of Wyatt*, 2010 WL 2884638, at *3 (refusing to strike affirmative defenses that are simply inconsistent with allegations in plaintiff's complaint (*citing Brown & Williamson Tobacco Corp., supra*)). Robinson has not shown that Palisades "will be categorically unable to support any permutation of [these] affirmative defense[s] on any conceivable 'state of the facts which could be produced in support of the defense and are inferable

---

[2] In her motion to strike, Robinson transposes affirmative defenses 1 and 2.

[3] She makes a similar argument as to affirmative defense 1.

6

from the pleadings." *Martin v. Trott Law, P.C.*, 265 F. Supp. 3d 731, 740 (E.D. Mich. 2017) (quoting *Operating Engineers*, 783 F.3d at 1050)). She is, therefore, not entitled to have these affirmative defenses struck.

Additionally, Robinson challenges affirmative defense 6 (failure to mitigate) on the ground that a consumer cannot mitigate a debt collector's unlawful garnishment of wages. (Doc. No. 12, at 2.) She cites no authority for this proposition. The Court will not resolve this issue, which implicates both legal and factual considerations, in the confines of a motion to strike. For now, the Court finds that the answer provides "fair notice" of the affirmative defense and is sufficient to withstand a Rule 12(f) motion to strike. *See, e.g., Sprint Sols., Inc. v. Shoukry*, No. 2:14-cv-127, 2014 WL 5469877, at *4 (S.D. Ohio Oct. 28, 2014) (refusing to strike a failure to mitigate affirmative defense where it provides fair notice of the nature of the defense).

Finally, Robinson seeks to strike affirmative defense 9—existence of a bona fide error—on the ground that "mistakes of law cannot be defended as 'bona fide error.'" (Doc. No. 12, at 2 (partial case citation omitted).) Her argument assumes that Palisades has committed an error of law. Yet, Palisades argues that, given the brevity of the complaint and the vague manner in which the few factual allegations are pleaded, there are any number of ways that Palisades could have committed a bona fide error as set forth in 15 U.S.C. § 1692, et seq. (Doc. No. 13, at 9–10.) The Court agrees with Palisades. The record has yet to be developed in this case, and the Court cannot (and will not) make such a factually intensive determination on the basis of a Rule 12(f) motion.

### IV. CONCLUSION

For the foregoing reasons, Robinson's motion to strike is denied.

**IT IS SO ORDERED**.

Dated: January 5, 2026

**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**